**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN GIANNAROS,<br><br>Plaintiff,<br><br>v.<br><br>POLY-WOOD, LLC,<br><br>Defendant. | Civil Action No. 1:21-cv-10351 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARD**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Procedural History ..... 2

B. Relevant Terms Of The Settlement ..... 2

III. PLAINTIFF'S REQUESTED FEES OF $49,000 ARE FAIR, REASONABLE, AND SHOULD BE APPROVED AS PART OF THE SETTLEMENT AGREEMENT. ..... 3

A. Plaintiff Is The Prevailing Party. ..... 3

B. Plaintiff's Lodestar Is Reasonable. ..... 3

1. Class Counsel's hourly rate is reasonable. ..... 3

2. Class Counsel spent a reasonable number of hours prosecuting Plaintiff's claim. ..... 8

3. Class Counsel's obligations are ongoing. ..... 9

C. The Fees Requested Are Consistent With The Fees Approved In Substantially Similar Cases. ..... 10

IV. PLAINTIFF'S REQUESTED INCENTIVE AWARD OF $1,000 SHOULD BE APPROVED AS PART OF THE SETTLEMENT. ..... 11

A. The Incentive Award Is Reasonable. ..... 11

B. The Incentive Award Is Consistent With Awards Approved In Substantially Similar Cases. ..... 13

V. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Cases**


*Andrade v. Jamestown Hous. Auth.*,
82 F.3d 1179 (1st Cir. 1996) ....................5

*Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*,
2018 U.S. Dist. LEXIS 111409 (D. Mass. May 14, 2018) ....................13

*Brooks v. Pressed Juicery, Inc.*,
No. 2:19-cv-01687, ECF 60 (E.D. Cal. June 24, 2022) ....................11, 13

*Carlson v. Target Enter., Inc.*,
447 F. Supp. 3d 1 (D. Mass. 2020) ....................12

*Cullinane v. Uber Techs., Inc.*,
2020 U.S. Dist. LEXIS 38798 (D. Mass. Jan. 29, 2020) ....................12

*Gay Officers Action League v. Puerto Rico*,
247 F.3d 288 (1st Cir. 2001) ....................4

*Grant v. Martinez*,
973 F.2d 96 (2d Cir. 1992) ....................8

*Haston v. Phillips & Cohen Associates, LTD*,
No. 2:20-cv-01069, Doc. 59 (May 17, 2022) ....................4, 6

*Hernandez v. AutoZone, Inc.*,
323 F.R.D. 496 (E.D.N.Y. 2018) ....................7

*Hutchinson ex rel. Julien v. Patrick*,
636 F.3d 1 (1st Cir. 2011)....................3, 4

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
292 F. Supp. 2d 184 (D. Me. 2003) ....................12

*In re Loestrin 24 Fe Antitrust Litig.*,
No. 2020 WL 4038942 (D.R.I. July 17, 2020) ....................12

*In re Lupron Marketing & Sales Practices Litig.*,
2005 U.S. Dist. LEXIS 17456 (D. Mass. Aug. 17, 2005) ....................12

*In re Puerto Rican Cabotage Antitrust Litig.*,
815 F. Supp. 2d 448 (D.P.R. 2011) ....................12, 13

*In re Relafen Antitrust Litig.*,
231 F.R.D. 52 (D. Mass. 2005) ....................13

*Muehe v. City of Boston*,
2021 U.S. Dist. LEXIS 211316 (D. Mass. Nov. 2, 2021) ....................................................6

*Murphy v. Charles Tyrwhitt, Inc.*,
No. 1:20-cv-00056, ECF 48 (W.D. Pa. Feb. 16, 2022) ......................................5, 6, 10, 13

*Murphy v. Eyebobs, LLC*,
No. 1:21-cv-00017, ECF 50 (W.D. Pa. Feb. 11, 2022) ......................................5, 6, 11, 13

*Norkunas v. HPT Cambridge, LLC*,
969 F. Supp. 2d 184 (D. Mass. 2013) ..................................................................4, 5

*Nat'l Ass'n of the Deaf v. Harvard University*,
No. 3:15-cv-30023, ECF 218 (D. Mass. Feb. 26, 2020) ......................................................6

*Nat'l Ass'n of the Deaf v. Mass. Inst. of Tech.*,
No. 3:15-cv-30024, ECF 218 (D. Mass. Feb. 26, 2020) ......................................................6

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
478 U.S. 546, supplemented, 483 U.S. 711 (1987) ..........................................................9

*Veilleux v. Elec. Me., LLC*,
2020 WL 6565260 (D. Me. Nov. 9, 2020) ..........................................................................12

*Wooldridge v. Marlene Indus. Corp.*,
898 F.2d 1169 (6th Cir. 1990) ..............................................................................................8

**<u>Rules, Statutes, and Regulations</u>**

Fed. R. Civ. P. 23 ..........................................................................................................1, 3

42 U.S.C. § 12181 ..............................................................................................................1

42 U.S.C. § 12205 ..........................................................................................................1, 3

28 CFR § 36.505 .................................................................................................................1

Plaintiff Stephen Giannaros, by and through counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees and Incentive Award.

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(h), 42 U.S.C. § 12205 and 28 CFR § 36.505, and the Agreement,[1] Plaintiff respectfully moves the Court for an Order awarding attorney's fees in the amount of $49,000.00 and for an incentive award to Plaintiff in the amount of $1,000.00.

Plaintiff successfully litigated this case against Poly-Wood, LLC for alleged violations of the Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*., and its regulations ("ADA"). Because of these efforts, Poly-Wood agreed to implement policies and practices that will ensure Plaintiff and Class Members can shop in Poly-Wood's online stores, which Plaintiff alleges were not fully and equally available to Plaintiff or Class Members before the litigation.

Having secured a favorable determination, the Court should award Plaintiff reasonable attorney's fees and an incentive award because:

1. This is settlement requires Poly-Wood to implement and maintain concrete policy and practice changes that will expand access to Poly-Wood's online stores to consumers with visual disabilities;

2. Plaintiff's request for $49,000 in attorney's fees, and an incentive award for Plaintiff in the amount of $1,000, did not compromise the injunctive relief the Agreement obligates Poly-Wood to perform;

3. The Agreement obligates Class Counsel to oversee Poly-Wood's compliance and to assist Class Members who encounter access barriers to Poly-Wood's online stores during remediation;

4. The Agreement was reached after months of negotiations, during which Class Counsel secured a "just, speedy, and inexpensive determination" of this action, consistent with Fed. R. Civ. P. 1; and

5. The requested fees are much less than Class Counsel's lodestar to date.

[1] Unless otherwise defined herein, all capitalized terms have the meaning set forth in the Agreement. ECF 25-1.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed this action on March 3, 2021, alleging that Poly-Wood violated the ADA in failing to make it online stores—located at https://www.polywood.com/, https://www.ivyterracefurniture.com/, and https://www.trexfurniture.com/—accessible to blind[2] individuals. ECF 1. On August 23, 2021, Plaintiff filed an Amended Class Action Complaint ("ACAC") reasserting these claims on behalf of a nationwide class of similarly situated persons. ECF 12. The Parties have agreed to resolve the action on a class-wide basis. ECF 25-1.

On October 15, 2021, Plaintiff filed an assented-to Motion to Certify the Class for Settlement Purposes and for Preliminary Approval of the Class Action Settlement. ECF 23. The Court granted Plaintiff's preliminary approval motion and scheduled a Fairness Hearing for September 13, 2022. ECF 28 at ¶ 14.

### B. Relevant Terms Of The Settlement

The Agreement provides for the payment of attorney's fees and an incentive award, subject to the Court granting final approval of the Agrement:

> **19.1. Incentive Award to Named Plaintiff.** Subject to Court approval, Poly-Wood shall pay the Named Plaintiff an incentive award in the amount of One Thousand Dollars and Zero Cents ($1,000.00).
>
> **22.1. Attorneys' Fees and Costs.** Subject to Court approval, Poly-Wood shall pay Named Plaintiff's reasonable attorneys' fees and Costs incurred in connection with this matter in the amount of forty-nine thousand dollars and zero cents ($49,000.00)…

[2] Plaintiff uses the term "blind" in its broadest sense to include all persons who have a vision-related disability that requires alternative methods to access digital information.

ECF 25-1, ¶¶ 19, 20.[3]

## III. PLAINTIFF'S REQUESTED FEES OF $49,000 ARE FAIR, REASONABLE, AND SHOULD BE APPROVED AS PART OF THE SETTLEMENT AGREEMENT.

### A. Plaintiff Is The Prevailing Party.

In its discretion, a court can award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Specifically, the ADA provides that a court may allow the prevailing party to recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. To be deemed a prevailing party, "a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011). That litigant also must "demonstrate that the alteration possesses a judicial imprimatur," or, in other words, the court's grant of approval. *Id.* at 8-9 (quotations omitted).

When a court approves a settlement agreement and retains jurisdiction, there is a material alteration in the legal relationship of the parties and sufficient judicial imprimatur to confer prevailing party status on the plaintiff under fee-shifting statutes, like the ADA. *Hutchinson,* 636 F.3d at 9-11.

The binding and enforceable settlement obtained by Plaintiff meets this standard because it materially alters the legal relationship between the Parties. The Agreement obligates Poly-Wood to take concrete steps to benefit Plaintiff and other blind consumers. There is no evidence to indicate that Poly-Wood would have taken these actions absent this litigation and the Agreement. The Agreement also embodies the type of judicial involvement necessary to confer prevailing party

[3] The Court may review a more detailed summary of the entire Agreement in Plaintiff's Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement. ECF 24, pp. 2-9.

status on Plaintiff. The Agreement must be approved and adopted by the Court, cannot be modified unless it is pursuant to Court Order, and provides that the Court will retain jurisdiction for purposes of its enforcement. ECF 25-1, ¶¶ 3.3, 30, and 25.1.

Accordingly, Plaintiff has achieved, as a result of the litigation, a material alteration in the parties' legal relationship, which possesses a judicial imprimatur, for purposes of recovering fees.

**B. Plaintiff's Lodestar Is Reasonable.**

When determining a fee award, district courts begin by calculating the lodestar. *Hutchinson*, 636 F.3d at 13. The lodestar is calculated by multiplying the number of hours reasonably worked by fair hourly rates. *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 2d 184, 195 (D. Mass. 2013). The moving party bears the burden of producing materials that support its request for a fee award. *Id.* Courts determine reasonable hours by reviewing the materials produced by the moving party and "subtract[ing] duplicative, unproductive, or excessive hours, and . . . appl[ying] prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

**1. Class Counsel's hourly rate is reasonable.**

Class Counsel submits the following rates for the Court's consideration:

| | |
|---|---|
| Kevin Tucker, Esq. | $600.00 per hour |
| Kevin Abramowicz, Esq. | $600.00 per hour |
| Chandler Steiger, Esq. | $400.00 per hour |
| Stephanie Moore, Esq. | $400.00 per hour |
| Stephen Ryan, Esq. | $375.00 per hour |
| Mark Delaney, Esq. | $375.00 per hour |

These rates are reasonable given the prevailing rates for ADA class action attorneys in the District of Massachusetts. *Norkunas*, 969 F. Supp. 2d at 197 (quoting *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1190 (1st Cir. 1996) (in determining the reasonableness of an hourly rate, courts consider "the prevailing market rates in the relevant community."). This District has approved a number of class action settlements concerning Title III of the ADA. These orders confirm Class Counsel's hourly rates are less than the prevailing rates of other ADA class action attorneys practicing in this District.

- In *Muehe v. City of Boston*, No. 1:21-cv-11080, 2021 U.S. Dist. LEXIS 211316 (D. Mass. Nov. 2, 2021), Judge Stearns awarded class counsel $674,487.38 in attorney's fees for work performed in a class action alleging Defendant's curb ramp system violated the ADA and Section 504. Judge Stearns approved class counsel's hourly rates, which ranged from $465 to $795. *See Muehe*, ECFs 25 (Fee Motion), 26 (Fee Declaration), and 68 (Order granting Motion for Attorney Fees).

- In *National Association of the Deaf et al v. Harvard University et al*, No. 3:15-cv-30023 ("*Harvard*"), Magistrate Judge Robertson awarded class counsel $1,575,000 in attorney's fees and costs for the work performed in a class action alleging Defendant's lack of closed captioning violated Title III and Section 504. Judge Robertson approved class counsel's hourly rates, which, on average, ranged from $436 to $688. *See Harvard*, ECFs 209 (Fee Motion) 209-1 through -6 (Fee Declarations) and 218 (Minute Entry documenting Judge Robertson finding the fees to be fair and reasonable).

- In *Nat'l Ass'n of the Deaf v. Mass. Inst. of Tech.*, No. 3:15-cv-30024 ("*MIT*"), Magistrate Judge Robertson awarded class counsel $1,050,000 in attorney's fees and costs for the work performed in a class action substantially similar to *Harvard*. Judge Robertson approved class counsel's hourly rates, which, on average, ranged from $420 to $740. *See MIT*, ECFs 210 (Fee Motion) 210-1 through -5 (Fee Declarations) and 218 (Minute Entry documenting Judge Robertson finding the fees to be fair and reasonable).

These rates are also consistent with the rates for which Class Counsel have been approved in other class actions, including other ADA class litigation. *See Haston v. Phillips & Cohen Associates, LTD*, No. 2:20-cv-01069, Doc. 59 (May 17, 2022) (approving fee award based on brief in which counsel argued reasonable hourly rate was $575 for Attorneys Tucker and Abramowicz and $350 for Attorneys Steiger and Moore, *see* Doc. 50); *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, Doc. 48 (W.D. Pa. Feb. 16, 2022) ("*Charles Tyrwhitt*") (same, *see* Doc. 42, pp.

10-11); *Murphy v. Eyebobs, LLC*, No. 1:21-cv-00017, Doc. 50, ¶¶ 1-2 (W.D. Pa. Feb. 11, 2022) ("*Eyebobs*") (same); *Nocera v. Dollar Gen. Corp.*, No. 2:18-cv-01222, Doc. 92 (W.D. Pa. May 19, 2021) (approving fee award based on hourly rates ranging from $500-$775, including a $575 hourly rate for Attorney Tucker, *see* Doc. 81-1, Ex. 1); *Luca v. Wyndham Hotel Grp., LLC*, No. 2:16-cv-00746, Doc. 215, ¶ 17 (W.D. Pa. Feb. 24, 2020) (approving fee award based on hourly rates ranging from $350-$725, including a $475 hourly rate for Attorney Abramowicz, *see* Doc. 208-1, Ex. A); *First Choice Fed. Credit Union v. Wendy's Co.*, No. 2:16-cv-00506, Doc. 192 (W.D. Pa. Nov. 7, 2019) (approving fee award based on hourly rates ranging from $350-$725, including a $475 hourly rate for Attorney Abramowicz, *see* Doc. 187-1, Ex. A); *Flynn v. Concord Hosp. Enters. Co.*, No. 2:17-cv-01618, Doc. 39 (W.D. Pa. Nov. 27, 2018) (approving fee award based on hourly rates ranging from $400 to $650, including a $425 hourly rate for Attorney Abramowicz, *see* Doc. 34-1, Ex. A).

Finally, these rates are reasonable given the experience of Class Counsel, who have experience litigating class actions, generally, and prosecuting Title III ADA claims, specifically. *See, e.g.*, *Eyebobs*, No. 1:21-cv-00017, Doc. 49 (W.D. Pa. Feb. 9, 2022) (granting final approval of a substantially similar class action settlement agreement and appointing Attorneys Tucker and Abramowicz class counsel of a substantially similar nationwide class), *Charles Tyrwhitt*, Doc. 47 (W.D. Pa. Feb. 16, 2022) (same); *Haston*, Doc. 58 (May 17, 2022) (granting final approval of a class action settlement resolving claims under the FDCPA and appointing Attorneys Abramowicz and Tucker class counsel for persons residing in Delaware, Pennsylvania, New Jersey, and the U.S. Virgin Islands); *Butela v. Midland Credit Mgmt., Inc.*, No. 2:20-cv-01612, 2022 U.S. Dist. LEXIS 76602 (W.D. Pa. Apr. 27, 2022) (certifying a class under FDCPA and appointing East End Trial Group LLC as class counsel for persons residing in Pennsylvania); *White v. 1 Person At A*

*Time, LLC*, No. 2:17-cv-01047, ECF 28 (W.D. Pa. June 15, 2018) (recognizing that Attorney Abramowicz "ably represented" the named plaintiff and the class members, and that he and the firm at which Attorneys Abramowicz and Tucker practiced at the time, "provide[d] exemplary service[ and] very solid work ready product throughout the life of the case[.]" Final Approval Hr'g Tr. at 22 (June 14, 2018)); *Hernandez v. AutoZone, Inc.*, 323 F.R.D. 496, 504 (E.D.N.Y. 2018) (certifying Attorney Abramowicz and other attorneys as class counsel for a nationwide class action seeking to ensure individuals with mobility disabilities could gain access to thousands of retail stores); *Veridian Credit Union v. Eddie Bauer, LLC*, No. 2:17-cv-00356-JLR, ECF 176 (W.D. Wash. Sept. 20, 2019) (showing attorney Tucker completed substantial work in a data breach class action in which Eddie Bauer agreed to commit more than $5 million to improve security across two years and to reimburse as many as 1.4 million financial institutions $2 for each compromised payment card); *In Re: Vizio, Inc. Consumer Privacy Litig.*, No. 8:16-ml-02693-JLS-KES, ECF 308-11 (C.D. Cal. Apr. 12, 2019) (showing attorney Tucker completed substantial work in this MDL in which Vizio agreed to change its data-collection practices and establish a settlement fund worth $17 million, effectively disgorging the value Vizio received from sharing class members' private information); *Pease v. Jackson National Life Ins. Co.*, No. 1:17-cv-00284-JTN-ESC, ECF 38-2 (W.D. Mich. Jan. 30, 2019) (showing attorney Tucker performed work in this ERISA suit in which Jackson National agreed to pay $4.5 million to resolve claims it improperly profited by choosing proprietary funds for its defined contribution retirement plan at the expense of more than 5,000 plan participants); *Luca v. Wyndham*, No. 16-cv-746 (W.D. Pa.), ECF 208-1 (showing attorney Abramowicz completed substantial work in a class action in which a settlement fund valued at over $7,000,000 was established, see ECF No. 213 for specifics of class settlement); *Morrow v. Ann Inc.*, No. 16-cv-3340 (S.D.N.Y.), ECF 71 (showing attorney Abramowicz

completed substantial work in a class action where a settlement fund valued at over $6,000,000 was established, *see* ECF 68 for specifics of class settlement); *Gennock v. General Nutrition Ctrs., Inc.*, No. 16-cv-633 (W.D. Pa.), ECF 93-3, Ex. A (showing attorney Abramowicz completed substantial work in a class action in which a settlement fund valued at $6,000,000 was established, *see* ECF 101 for specifics of class settlement); *Friske v. Bonnier Corp.*, No. 16-cv-12799 (E.D. Mich.), *see* ECF 6-1, p. 2 (showing attorney Abramowicz completed substantial work in a class action where a settlement fund valued at over $2,000,000 was established, *see* ECF 75 for specifics of class settlement); *Sullivan v. Wenner Media LLC*, No. 16-cv-960 (W.D. Mich.), ECF 60-1, p. 6 (showing attorney Abramowicz completed substantial work in a class action where a settlement fund valued at over $1,000,000 was established, see ECF No. 61 for specifics of class settlement).

In light of the prevailing rates for Title III class litigation in the District of Massachusetts, the rates at which Class Counsel have been approved previously, and Class Counsel's experience, the hourly rates described above are reasonable.

**2. Class Counsel spent a reasonable number of hours prosecuting Plaintiff's claim.**

Class Counsel have spent a total of 182.6 hours prosecuting Plaintiff's claim through today's date. *See* Declaration of Kevin Tucker and accompanying exhibit ("Tucker Decl."), attached to Plaintiff's Motion as Exhibit A. When applied to Class Counsel's hourly rate, Plaintiff's lodestar is $91,180.00. Plaintiff seeks $49,000.00 as a prevailing party attorney's fee, which amounts to 53.7% of counsel's lodestar to date.

To determine whether time is reasonable, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th

Cir. 1990)). Here, all of the hours expended are reasonable because a reasonable attorney would have engaged in similar time expenditures.

Though there are fewer entries on the docket than other cases, this action has involved a thoughtful commitment of time by Class Counsel, and this work is ongoing. Class Counsel committed a reasonable amount of time necessary to obtain the results achieved in light of the complexity of the access barriers and legal issues presented. Moreover, Class Counsel expended only as much time as was necessary to fully protect the interests of the class and to secure a "just, speedy, and inexpensive determination," consistent with Fed. R. Civ. P. 1

The hours undersigned counsel expended in this case are justified and a reasonable attorney would have expended the same number of hours, or more, that counsel expended here. Despite that, and as a showing of good faith, Plaintiff seeks to recover $49,000.00 in attorney's fees, which is 53.7% of Class Counsel's lodestar to date.

**3. Class Counsel's obligations are ongoing.**

Although Plaintiff is not seeking fees beyond $49,000.00, he is entitled to reasonable fees for monitoring Poly-Wood's compliance with the settlement. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559, supplemented, 483 U.S. 711 (1987) (finding post-judgment monitoring is compensable activity for which counsel is entitled to a reasonable fee). Here, the Agreement obligates Class Counsel to monitor Poly-Wood's Digital Properties and compliance with the Agreement and to assist Class Members should they encounter access barriers during the remediation timeline. Below is a summary of Class Counsel's ongoing obligations under the Agreement. Although Plaintiff does not request additional fees for this future work, these forward-looking obligations affirm the requested fee is reasonable and should be approved.

| Time from Final Approval | Class Counsel's Obligation | Citation to Agreement (§) |
|---|---|---|
| 6 Months | Review Poly-Wood's designated Accessibility Coordination Team | § 6.1 |
| 9 Months | Review Poly-Wood's designated Accessibility Consultant | § 7.1 |
| 3 Months From Change | Review any change in Poly-Wood's designated Accessibility Consultant | § 7.5 |
| 9 Months | Review Poly-Wood's Accessibility Policy Statement | § 10.3 |
| 18 Months | Review Poly-Wood's Accessibility Strategy | § 9.4 |
| Anniversary of Effective Date | Review Poly-Wood's Annual Report | § 20.1 |
| On receipt of Annual Report | Review the Accessibility Consultant's annual Status Report | § 7.4 |
| On receipt of Annual Report | Review Poly-Wood's Accessibility Audit | § 8.3 |
| On receipt of Annual Report | Review Poly-Wood's Accessibility Training materials | § 11.3 |
| On receipt of Annual Report | Review all end-user test results | § 14.2 |
| On receipt of Annual Report and Semi-Annual Letter of Reasonable Accessibility | Review all accessibility audits | § 13.2 |
| Ongoing during Agreement Term(s) | Monitor Poly-Wood's compliance with Sections 4 through 15 of the Agreement | § 16 |
| Ongoing during Agreement Term(s) | Visit Poly-Wood's online store to evaluate whether it is fully and equally accessible to Settlement Class Members | § 16.1 |

**C. The Fees Requested Are Consistent With The Fees Approved In Substantially Similar Cases.**

Plaintiff is aware of three other cases resolving similar digital accessibility claims on a class action basis. In *Charles Tyrwhitt*, a blind resident in Pennsylvania filed an individual action against a clothing retailer, alleging the retailer's website was inaccessible to blind consumers in violation of the ADA. After multiple extensions of the retailer's answer deadline, the plaintiff

amended his individual action to include claims on behalf of a nationwide class of blind consumers. The parties agreed to resolve those claims in a class action settlement that is substantially similar to the Agreement in this case. *Id*. at ECF 19-1. The Court granted final approval of the settlement, *id*. at ECF 47, and granted the plaintiff's request for $43,000.00 in attorney's fees. *Id*. at ECF 48. This procedural history is substantially similar to *Eyebobs*, where the court approved another similar class action settlement agreement, *Eyebobs* at ECF 49, and approved the plaintiff's request for $44,000.00 in attorney's fees. *Id*. at ECF 50.

Finally, the Eastern District of California granted final approval, over objections, of a class action settlement agreement whose remediation terms are far less comprehensive than the specific policy and practice changes outlined in the Agreement in this case. In *Brooks v. Pressed Juicery, Inc.*, No. 2:19-cv-01687 (E.D. Cal.) ("*Pressed Juicery*"), the parties executed a class action settlement agreement obligating the defendant to generally "modify the Website and Mobile Applications to improve its [sic] accessibility…" *Id*. at ECF 28-1, p. 39.[4] The agreement obligated the Defendant to use WCAG 2.0 Level AA as a "guideline in making such improvements" but did not otherwise specify what steps the defendant would take to ensure these vague promises would cause the defendant's online store to become and remain fully and equally accessible to the class. *Id*. Despite this vagueness, and the objections, the court granted final approval of the settlement agreement and the plaintiff's request for $35,000.00 in attorney's fees. *Id*. at ECF 60.

These fee awards confirm the fee requested here is reasonable and should be approved.

## IV. PLAINTIFF'S REQUESTED INCENTIVE AWARD OF $1,000 SHOULD BE APPROVED AS PART OF THE SETTLEMENT.

### A. The Incentive Award Is Reasonable.

Federal courts within this Circuit approve incentive, or service, awards to plaintiffs who

[4] Plaintiff previously provided the *Pressed Juicery* agreement to this Court at ECF 25-3.

bring actions on behalf of a class on the theory that there would be no class-wide benefit absent their efforts. These awards recognize the burdens assumed by plaintiffs in instituting and prosecuting the actions, and the time spent communicating with counsel and fulfilling responsibilities of case supervision. *See Carlson v. Target Enter., Inc.*, 447 F. Supp. 3d 1, 5 (D. Mass. 2020) ("Incentive awards are an appropriate means for encouraging individuals to undertake the responsibility of representative lawsuits."); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit.") (quoting *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189 (D. Me. 2003)); *In re Lupron Marketing & Sales Practices Litig.*, MDL No. 1430, Master File No. 01-cv-10861-RGS, 2005 U.S. Dist. LEXIS 17456, at *7 (D. Mass. Aug. 17, 2005) ("Incentive awards serve an important function in promoting class action settlements[.]").

The Agreement provides that, subject to the Court's approval, Poly-Wood pays Plaintiff an incentive award in the amount of $1,000.00. An incentive award of $1,000.00 is appropriate given Plaintiff's role in ensuring that Poly-Wood makes its online stores accessible to the Class Members. The requested incentive award also is not inconsistent with incentive awards previously approved in this Circuit. *See, e.g.*, *Carlson*, 447 F. Supp. 3d at 5 (awarding $7,500 incentive payment to plaintiff); *Veilleux v. Elec. Me., LLC*, No. 1:16-CV-571-LEW, 2020 WL 6565260, at *2 (D. Me. Nov. 9, 2020) (finding $5,000 service award reasonable); *In re Loestrin 24 Fe Antitrust Litig.*, No. 1:13-MD-2472-WES-PAS, 2020 WL 4038942, at *8 (D.R.I. July 17, 2020) (approving $5,000 service awards to two consumer class representatives), report and recommendation adopted, 2020 WL 5201275 (D.R.I. Sept. 1, 2020); *Cullinane v. Uber Techs., Inc.*, No. 14-14750-

DPW, 2020 U.S. Dist. LEXIS 38798, at *19-20 (D. Mass. Jan. 29, 2020) (awarding $5,000 to each of three named plaintiffs); *Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, No. 11-cv-10230-MLW, 2018 U.S. Dist. LEXIS 111409, at *105-06 (D. Mass. May 14, 2018) ($10,000 service award for each of six named plaintiffs); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d at 469 (awarding $8,000 incentive award per plaintiff); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (awarding $8,000 incentive award per plaintiff). A $1,000.00 incentive award is fair and reasonable.

### B. The Incentive Award Is Consistent With Awards Approved In Substantially Similar Cases.

The incentive award provided in the Agreement is the same or less than the awards approved in *Charles Tyrwhitt*, *Eyebobs*, and *Pressed Juicery*, the other digital accessibility class actions discussed herein. In *Charles Tyrwhitt* and *Eyebobs*, the Western District of Pennsylvania approved incentive awards in the amount of $1,000. *See Charles Tyrwhitt*, ECF 48 at 2; *Eyebobs*, ECF 50 at 3. In *Pressed Juicery*, the Eastern District of California approved an enhancement award to the plaintiff in the amount of $2,500. *Pressed Juicery*, ECF 60. Against the backdrop of these similar cases, the $1,000 incentive award requested here is reasonable and should be approved

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed order approving counsel's request for attorney's fees and an incentive award.

Dated: July 29, 2022

Respectfully Submitted,

STEPHEN GIANNAROS

By his attorneys,

/s/ *Stephen Ryan Jr.*
Stephen Ryan, Jr. (BBO #669727)
**BEATON AND PETERSEN PLLC**
11 Maple Avenue

Shrewsbury, MA 01545
(508) 842-2540
stephen@beatonpetersen.com

Kevin Tucker (He/Him) (admitted *pro hac vice*)
Kevin Abramowicz (admitted *pro hac vice*)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Ste. 215
Pittsburg, PA 15208
Tel. (412) 877-5220
Fax. (412) 626-7101
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: July 29, 2022

/s/ *Stephen Ryan Jr.*
Stephen Ryan, Jr. (BBO #669727)